UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FERNANDO RAX GOMEZ,<br><br>                            Petitioner,<br><br>v.<br><br>PAMELA J. BONDI, *et al.*,<br><br>                            Respondents. | Case No.:  26-cv-01553-JO-DEB<br><br>**MINUTE ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

For the reasons stated at Dkt. 6, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. By April 1, 2026, Respondents shall provide Petitioner with an individualized bond hearing before a neutral immigration judge where the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that cannot reasonably be addressed by bond or conditional release.  *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).  **Respondents shall not deny Petitioner bond on the basis that (i) 8**

1

**U.S.C. § 1225(b) requires or authorizes mandatory detention; or that (ii) BIA precedent deprives the immigration judge of jurisdiction to decide bond.** The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

2. If no hearing occurs by April 1, 2026, Respondents shall release Petitioner from custody by 5 p.m. on April 2, 2026.

3. By 5 p.m. on April 3, 2026, Respondents shall file a declaration either (i) attaching the immigration judge's order regarding the bond determination; or (ii) if no bond hearing was conducted, confirming that Petitioner has been released.

4. Given that Petitioner is entitled to a bond hearing to justify detention pursuant to 8 U.S.C. § 1226, Respondents are ENJOINED  from redetaining Petitioner during the pendency of his removal proceedings without first providing a bond hearing as set forth above. *See Boumediene v. Bush*, 553 U.S. 723, 779–80 (2008) (while habeas relief commonly includes reprieve from physical imprisonment, "depending on the circumstances, more [relief] may be required"); *Rodriguez v. Hayes*, 591 F.3d 1105, 1117 (9th Cir. 2010) (holding that petitioner's release—revocable at the government's discretion—did not provide complete relief where petitioner sought a legal ruling that he could only be redetained upon a bond hearing); *Clark v. Martinez*, 543 U.S. 371, 376 n.3 (2005) (despite release, petitioner's habeas claim challenging the statutory authority for his detention "continue[d] to present a live case or controversy" because the court could provide relief to prevent redetention on the same allegedly unlawful basis).

5. Respondents shall file a declaration attesting to full compliance with these obligations **at least 48 hours prior** to any redetention of Petitioner.

26-cv-01553-JO-DEB

6. The April 2, 2026 hearing on this petition is VACATED.

7. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 26, 2026

_____
Honorable Jinsook Ohta
United States District Judge

26-cv-01553-JO-DEB